UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, <br><br> Plaintiff, <br><br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY, <br><br> Defendant. | Civil Action No.: 16-00175 (BAH) |

**STIPULATION OF SETTLEMENT AND DISMISSAL**

Plaintiff Center for Biological Diversity ("Plaintiff") and Defendant United States Environmental Protection Agency ("EPA" or "Defendant"), by and through their respective counsel, hereby stipulate and agree as follows in this lawsuit based on a Freedom of Information Act ("FOIA") request by Plaintiff to EPA.

1. Defendant shall pay Plaintiff the amount of eighty thousand dollars ($80,000.00) (the "Settlement Amount"), pursuant to 5 U.S.C. § 552(a)(4)(E), which sum Plaintiff agrees to accept as full and complete satisfaction of Plaintiff's claims in the above captioned matter, including its claims for attorneys' fees, costs, and litigation expenses, and is inclusive of any interest.

2. Defendant shall pay the Settlement Amount to Plaintiff as soon as reasonably practicable, consistent with its normal processing procedures, by an electronic transfer of funds as specified in instructions provided to counsel for the Defendant by Plaintiff's counsel in writing. Plaintiff and Plaintiff's counsel shall be responsible for any distribution of the Settlement Amount among themselves. Plaintiff agrees that payment of the Settlement Amount shall constitute full and final settlement of all claims by Plaintiff in the above captioned matter, including any claim

for fees, costs, and expenses incurred by Plaintiff in this action and that Defendant shall have no liability for any further amounts related to this litigation.

3. Upon the execution of this agreement, Plaintiff hereby releases and forever discharges the United States, its agencies, departments, officers, employees, servants, and agents, including Defendant, from any and all claims and causes of action that Plaintiff asserts or could have asserted in this litigation, or which hereinafter could be asserted by reason of, or with respect to, or in connection with, or which arise out of the specific FOIA requests on which this action is based or any other matter alleged in the Complaint, including, but not limited to, any claim for attorneys' fees, costs, or litigation expenses in connection with the above-captioned litigation.

4. This agreement is not, is in no way intended to be, and should not be construed as, evidence or as an admission of liability or fault on the part of the United States, EPA, their agents, servants, employees, or officers, regarding any issue of law or fact, or regarding the truth or validity of any allegation or claim raised in this action, or as evidence or as an admission by the Defendant regarding Plaintiff's entitlement to attorneys' fees and other litigation costs under the FOIA.  This agreement is entered into by the Parties for the purpose of compromising disputed claims and avoiding the expense and risks of further litigation and shall not be used in any manner to establish liability for fees, amounts, or hourly rates in any other case or proceeding involving Defendant. The Agreement is understood not to preclude or prevent Plaintiff from seeking, through Freedom of Information Act or other means, records not sought in the records requests that gave rise to this Civil Action.

5. Plaintiff represents and warrants that it is the sole and lawful owner of all rights, title and interests in and to every claim and other matter that it purports to release herein, and that it has not heretofore assigned or transferred, or purported or attempted to assign or transfer to any

person or entity any claims or other matters herein released.

6. Compliance with all applicable federal, state, and local tax requirements shall be the sole responsibility of the Plaintiff. This settlement agreement is executed without reliance upon any representation by Defendant as to tax consequences, and Plaintiff is responsible for the payment of any taxes that may be associated with the settlement payment.

7. This settlement agreement contains the entire agreement between the Parties hereto, and Plaintiff acknowledges and agrees that no promise or representation not contained in this agreement has been made to it, and acknowledges and represents that this settlement agreement contains the entire understanding between the Parties, and contains all terms and conditions pertaining to the compromise and settlement of the disputes referenced herein. No statement, remark, agreement, or understanding, oral or written, that is not contained herein shall be recognized or enforced, nor does this settlement agreement reflect any agreed upon purpose other than the desire of the Parties to reach a full and final conclusion of the litigation and to resolve that suit without the time and expense of further litigation.

8. The Parties agree that this agreement will not be used as evidence or otherwise in any pending or future civil or administrative action against the United States, EPA, or any agency or instrumentality of the United States, except an action to enforce the terms of this Stipulation of Settlement. The United States expressly reserves the right to contest any hourly attorneys' fee rate sought in any other case, and nothing contained herein is intended as an admission that any such rate is reasonable under the FOIA or any other fee-shifting statute.

9. Each Party agrees to take such actions and to execute such additional documents as may be necessary or appropriate to fully effectuate and implement the terms of this agreement.

10. This agreement may be executed in two or more counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same agreement. A facsimile, electronic, or other duplicate of a signature shall have the same effect as a manually executed original.

11. Upon execution of this agreement by all Parties hereto, this agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, personal representatives, administrators, successors, and assigns. Each signatory to this agreement represents and warrants that he or she is fully authorized to enter into this agreement on behalf of his or her client(s).

12. Execution of this agreement by counsel for Plaintiff and by counsel for Defendant shall constitute a dismissal with prejudice of all claims asserted against Defendant in this action, as well as the dismissal of this action with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

IN WITNESS WHEREOF, the Parties hereto, by and through their authorized counsel, intending to be legally bound, have executed this Stipulation effective February 13, 2020.

FOR THE PLAINTIFF:

Margaret E. Townsend (D.C. Bar No. OR0008)
Center for Biological Diversity
P.O. Box 11374
Portland, OR 97211-0374
(971) 717-6409
mtownsend@biologicaldiversity.org

Amy R. Atwood (D.C. Bar No. 470258)
Center for Biological Diversity
P.O. Box 11374
Portland, OR 97211-0374

FOR THE DEFENDANT:

TIMOTHY J. SHEA
D.C. Bar # 437437
United States Attorney

DANIEL VAN HORN
D.C. Bar # 924092
Chief, Civil Division

By:
Jeremy S. Simon, D.C. Bar #447956
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530

4

(971) 717-6401
atwood@biologicaldiversity.org

*Attorneys for Plaintiff*

(202) 252-2528

*Attorneys for Defendant*